U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR - 3 2017

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GARRETT L. FAULK, ET AL. | * | CIVIL ACTION NO. 2:16-CV-01461 |
| | * | |
| v. | * | JUDGE |
| | * | |
| ALCOA, INC., ET AL. | * | MAGISTRATE JUDGE KAY |
| | * | |

************************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Dismiss the Defendant, Associated Electric & Gas Insurance Services, Limited ("AEGIS") and Motion to Remand (Rec. Doc. 41) filed by the plaintiffs. For the following reasons, the court will grant the Motion to Dismiss AEGIS and Motion to Remand (Rec. Doc. 41) filed by the plaintiffs.[1]

### I. FACTS & PROCEDURAL HISTORY

The plaintiff, Garrett L. Faulk, was injured in an explosion while working as an electrician for Alcoa, Inc. and/or Reynolds Metals Company. (Rec. Doc. 1-2, p. 8, ¶ 3). Faulk and his wife originally filed suit in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on behalf of themselves and their minor children. (Rec. Doc. 1-2, pp. 23-35). The plaintiffs filed suit against several defendants, including Entergy Louisiana, LLC ("Entergy"). (Rec. Doc. 1-2, p. 23). On August 5, 2016, the plaintiffs amended their petition and added Entergy's insurer, AEGIS, as a defendant. (Rec. Doc. 1-2, pp. 5-22). AEGIS, a Bermuda company, removed the suit based on the Convention on Recognition and Enforcement of Foreign Arbitral Awards because the agreement between AEGIS and Entergy required that disputes be resolved in arbitration. (Rec. Doc. 1). Because jurisdiction existed over the entire case based on the

---

[1] By granting this motion, the Report and Recommendation (Rec. Doc. 39) filed by the Magistrate Judge, which recommends denying the Motion to Remand (Rec. Doc. 16) and Motion for Oral Arguments (Rec. Doc. 21) will be moot. Also, the court makes no determination about the pending Motion to Dismiss (Rec. Doc. 32) filed by ABB Inc.

1

convention, the Magistrate Judge recommended denying the motion to remand. (Rec. Doc. 39). After the Report and Recommendation was filed, the plaintiffs moved to dismiss AEGIS without prejudice. (Rec. Doc. 41). AEGIS filed no response, and Entergy filed a response in which they stated no position. (Rec. Doc. 43).

II.   **LAW & ANALYSIS**

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss claims against a defendant. If the defendant has answered or filed a motion for summary judgment, the plaintiff may only do so by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990)). If the nonmovant will suffer no plain legal prejudice as a result of the dismissal, the court "should generally … grant the motion" and dismiss the claims without prejudice. *Id.*

A court should not deny a Rule 41(a)(2) dismissal simply because the plaintiff might obtain some tactical advantage. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed. 2017) (citing *Manshack*, 915 F.2d at 174) (other citations omitted). "Indeed, the 'fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (quoting *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998)). *See also Newman v. Bruser*, No. CV 16-2074, 2016 WL 3913636, at *1 (E.D. La. July 20, 2016) (granting plaintiff's Motion to Dismiss to Aegis and Motion to Remand); *Crowden v. Entergy Corp.*, No. CIV.A. 15-3665,

2

2015 WL 6869399, at *2 (E.D. La. Nov. 9, 2015) (granting plaintiff's Motion to Dismiss to Aegis and Motion to Remand).

AEGIS has not alleged that it will suffer any legal prejudice by being dismissed. The court finds that AEGIS will not suffer legal prejudice because it has not exerted significant time and effort defending the suit. The plaintiffs also have a legitimate interest in dismissing AEGIS "to avoid the imposition of an arbitration clause in an agreement to which the Plaintiffs were not a party." *Crowden*, 2015 WL 6869399, at *2. The fact that dismissing AEGIS as a defendant strips the court of subject matter jurisdiction over the suit is not grounds for denying the motion to dismiss. *See Bechuck*, 814 F.3d at 299; *Newman*, 2016 WL 3913636, at *1; *Crowden*, 2015 WL 6869399, at *2. Accordingly, the court will dismiss the claims against AEGIS.

In concurrence with the conclusions of the Magistrate Judge, the court's jurisdiction over this matter was based solely on the plaintiffs' claims against AEGIS because those claims were covered under the Convention on Recognition and Enforcement of Foreign Arbitral Awards. With the claims against AEGIS dismissed, the court does not have an independent source of subject matter jurisdiction over the case and declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Therefore, the matter will be remanded.

### III.   CONCLUSION

The plaintiffs' Motion to Dismiss to AEGIS and Motion to Remand (Rec. Doc. 41) will be **GRANTED**. The claims against AEGIS will be **DISMISSED WITHOUT PREJUDICE**, and the case will be **REMANDED** to the Fourteenth Judicial District, Calcasieu Parish.

ALEXANDRIA, Louisiana, this 3rd day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE